FILED
FEBRUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PH

08 C 879

| | |
|---|---|
| OSCAR QUIROZ, on behalf of himself and all others similarly situated, | CLASS ACTION COMPLAINT |
| Plaintiff, | |
| v. | Civil Action No. **JUDGE CASTILLO** **MAGISTRATE JUDGE VALDEZ** |
| REVENUE PRODUCTION MANAGEMENT, INC. | JURY TRIAL DEMANDED |
| Defendants. | |

**CLASS ACTION COMPLAINT**

**I.    INTRODUCTION**

1.    This action is brought by Plaintiff Oscar Quiroz, on behalf of himself and all others similarly situated, for statutory damages against Revenue Production Management, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II.    JURISDICTION**

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in this district as all relevant events took place here.

**III.    PARTIES**

3.    Plaintiff Oscar Quiroz is an individual who resides in Berwyn, Illinois, and is a

"consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant Revenue Production Management (hereinafter referred to as "RPM") is a collection agency and corporation organized under the laws of the State of Illinois with its principal office located at 2800 South River Road, Suite 450, Des Plaines, Illinois. RPM is licensed by the State of Illinois as a collection agency.

5. RPM is engaged in the collection of debts from Illinois consumers using the mail and telephone.

6. RPM regularly attempts to collect consumer debts alleged to be due to another.

7. RPM was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. On several dates between August 18 and 31, 2005, Mr. Quiroz sought medical treatment and/or services from West Suburban Medical Center.

9. Due to the medical treatment and/or services provided by West Suburban Medical Center between August 18 and 31, 2005, Mr. Quiroz incurred a debt to West Suburban Medical Center in the amount of $1,331.00.

10. On several dates between October 3 and 31, 2005, Mr. Quiroz sought medical treatment and/or services from West Suburban Medical Center.

11. Due to the medical treatment and/or services provided by West Suburban Medical Center between October 3 and 31, 2005, Mr. Quiroz incurred a debt to West Suburban Medical Center in the amount of $2,904.00.

12. The August 2005 debt and the October 2005 debt to West Suburban Medical

Center combined to create a total debt to West Suburban Medical Center in the amount of $4,235.00 (hereinafter referred to as "the Debt").

13. Mr. Quiroz did not pay the Debt because it was covered by his employer's workers' compensation insurance.

14. The Debt was due on the date of service.

15. RPM obtained the Debt after it entered default.

16. RPM sent its initial written communication to Mr. Quiroz on April 17, 2007.

17. By correspondence dated June 6, 2007, RPM arranged for the preparation and transmittal of a letter to Mr. Quiroz at his residence in an attempt to collect the Debt. RPM's June 6, 2007, letter to Mr. Quiroz is attached hereto as <u>Exhibit A</u>.

18. <u>Exhibit A</u> states:

> \*\*\*
> Client: WEST SUBURBAN MEDICAL CENTER
> \*\*\*
> Dear Oscar Quiroz:
> \*\*\*
> If you dispute the validity of this debt then you must notify us **in writing** within 30 (thirty) days of our initial notice to you as we previously advised.
> \*\*\*
> Very truly yours,
>
> Revenue Production Management, Inc.
> \*\*\*

(emphasis in original).

19. <u>Exhibit A</u> requires Mr. Quiroz to dispute the Debt in writing if he wishes to dispute the Debt.

20. <u>Exhibit A</u> requires any dispute to be made within 30 days of the initial notice.

21. The "initial notice" referred to in <u>Exhibit A</u> is the communication sent by Defendant to Mr. Quiroz on April 17, 2007.

22. The Fair Debt Collection Practices Act provides consumers with legal rights that arise from oral disputes.

23. The Debt referred to in <u>Exhibit A</u> was incurred for personal, family, or household purposes, *i.e.*, medical services and/or treatment.

## V. <u>DEFENDANT'S POLICIES AND PRACTICES</u>

24. It is the standard policy and practice of RPM to send <u>Exhibit A</u> after the expiration of the 30-day validation period outlined in the initial communication from RPM.

25. It is the standard policy and practice of RPM, after expiration of the 30-day validation period outlined in the initial communication from RPM, to inform consumers that the debt must be disputed "in writing".

26. It is the standard policy and practice of RPM, after expiration of the 30-day validation period outlined in the initial communication from RPM, to inform consumers that a dispute must be made within 30 days of the initial communication.

## VI. <u>CLASS ALLEGATIONS</u>

27. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of Illinois (ii) who were sent a letter from Revenue Production Management, Inc. in the form of <u>Exhibit A</u> (iii) to recover a debt to the West Suburban Medical Center (iv) incurred for medical services and/or treatment (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

28. The class is so numerous that joinder of all members is impractical.

29. Upon information and belief, more than 50 persons with addresses within the state of Illinois were sent a letter from RPM in the form of Exhibit A to recover a debt to the West Suburban Medical Center incurred for medical services and/or treatment which were not returned undelivered by the United States Postal Service during the period of time one-year prior to the filing of this Complaint through the present.

30. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA by:

    A. using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10); and

    B. communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a dispute of a debt need not be in writing in violation of 15 U.S.C. § 1692e(8).

31. There are no individual questions, other than whether a class member was sent a letter in the form of Exhibit A, which can be determined by a ministerial inspection of Defendant's records.

32. Plaintiff will fairly and adequately protect the interests of the class.

33. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

34. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether RPM's practice of

sending letters in the form of <u>Exhibit A</u> violates the FDCPA, 15 U.S.C. § 1692 *et seq*.

35. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

**VII. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT**

37. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

38. Defendant's violations of the FDCPA include, but are not limited to:

    A. using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10); and

    B. communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a dispute of a debt need not be in writing in violation of 15 U.S.C. § 1692e(8).

39. As a result of Defendant's violations of the FDCPA, Plaintiff and the class members are entitled to a declaratory judgment and an award of statutory damages, costs and reasonable attorney fees.

**VIII.   REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Oscar Quiroz requests that judgment be entered in his favor and in favor of the class against Defendant Revenue Production Management, Inc. for:

- A.   Certification of this matter as a class action;
- B.   Declaratory judgment that Defendant's practices violates the FDCPA;
- C.   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);
- D.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
- E.   For such other relief as the Court may find to be just and proper.

**IX.   JURY DEMAND**

Plaintiff Oscar Quiroz hereby demands that this case be tried before a Jury.

   s/ Craig M. Shapiro
Craig M. Shapiro
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES, LTD..
25 East Washington Street Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673  (FAX)

ATTORNEYS FOR PLAINTIFF OSCAR QUIROZ

# EXHIBIT A

**Revenue Production Management, Inc.**
PO Box 830913
Birmingham, AL 35283-0913
RETURN SERVICE REQUESTED



FACSIMILE          (847) 257-3300

June 6, 2007

9818-06   01046   MLP

OSCAR QUIROZ                01046
1402 SCOVILLE AVE
BERWYN, IL 60402

Re:  Client: WEST SUBURBAN MEDICAL CENTER
     Debtor: OSCAR QUIROZ
     Patient: OSCAR QUIROZ
     Account No.: 48194450
     File No. 39-09901-0
     (Multiple accounts, see list on reverse side.)
     Total Amount Due: $4,235.00

Dear Oscar Quiroz:

We have previously contacted you regarding the above matter, requesting that you contact us to arrange for payment of this long overdue obligation.

Since you have not responded, we ask that you do so. Please mail this office the amount indicated above or contact us, so that an acceptable payment plan can be reached. If you dispute the validity of this debt then you must notify us **in writing** within 30 (thirty) days of our initial notice to you as we previously advised.

Your check or money order should be made payable to the client named above, but mailed directly to this office along with the remittance form on the back of this letter, and that the address appears in the window of the enclosed envelope. Please include the above file number on any correspondence and payment made to this office to ensure the proper handling and crediting of your account. Please understand that this is an attempt to collect a debt by a debt collector, and that any information we obtain will be used for the purpose of collecting this debt.

Please mail all correspondence and payments to our office at:

          REVENUE PRODUCTION MANAGEMENT, INC.
          P.O. Box 673775
          Detroit, MI   48267-3775

Very truly yours,

Revenue Production Management, Inc.

By: Mary Payton
877-257-1527, direct.
Account Representative
**LL2**


          YOU MAY PAY YOUR ACCOUNT WITH VISA® MASTERCARD®
              AMERICAN EXPRESS® OR DISCOVER®
CONTACT YOUR ACCOUNT REPRESENTATIVE OR TO MAKE YOUR PAYMENT ONLINE
              VISIT US AT WWW.RPMSTAFF.COM
        Please see reverse side for additional information.

WHEN RESPONDING BE SURE OUR ADDRESS APPEARS IN THE ENCLOSED WINDOW ENVELOPE
PLEASE DO NOT SEND CASH IN THE MAIL

TOTAL AMOUNT DUE $4,235.00

AMOUNT OF YOUR PAYMENT

$ _____

Please mail all payments and correspondence to:

REVENUE PRODUCTION MANAGEMENT, INC.
P.O. Box 673775
Detroit, MI  48267-3775

FILE # 39-09901-0

MAKE CHECK PAYABLE TO:

WEST SUBURBAN MEDICAL CENTER

PLEASE BILL MY:

☐ VISA®  ☐ MASTERCARD®  ☐ AMERICAN EXPRESS®  ☐ DISCOVER®

AMOUNT $ _____

_____          _____
CARD NUMBER                              EXPIRATION DATE

_____
THREE DIGIT SECURITY CODE (Located on back of credit card in signature box.)

_____          _____  _____
CARDHOLDER NAME                          CARDHOLDER SIGNATURE              DATE

**MUST BE PROVIDED** - CREDIT CARD BILLING ADDRESS  (including zip code):

_____
STREET ADDRESS                    CITY              STATE              ZIP CODE

PAYMENT HAS ALREADY BEEN MADE TO _____
AMOUNT PAID $_____  DATE PAID _____/_____/_____

**STATEMENT OF ACCOUNTS**

| Date of Service | Our File No. | Account No. | Balance Due |
|---|---|---|---|
| 08/18/05 - 08/31/05 | 39-09901-0 | 48194450 | $1,331.00 |
| 10/03/05 - 10/31/05 | 39-09907-0 | 48568315 | $2,904.00 |

LL2.FRM                                                          **TOTAL BALANCE DUE $4,235.00**