

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR QUIROZ, on behalf of himself and all others similarly situated | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 879 |
| | ) | |
| REVENUE PRODUCTION MANAGEMENT, INC., | ) | Judge Ruben Castillo |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Oscar Quiroz ("Plaintiff") filed this putative class action against Revenue Production Management, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (R. 27, Pl.'s Mem. in Support of Mot. for Class Cert. ("Pl.'s Mem") at 1.) Currently before the Court is Plaintiff's motion for class certification. (R. 8, Pl.'s Mot. for Class Cert.) For the following reasons, the motion is granted.

## BACKGROUND

Between August and October 2005, Plaintiff incurred debts with West Suburban Medical Center ("West Suburban") totaling $4,235 for medical treatment he received. (R. 1, Compl. ¶¶ 8-12.) Plaintiff did not pay the debt because he believed it was covered by his employer's workers' compensation insurance. (*Id.* ¶ 13.) Defendant, a collection agency licensed by the State of Illinois, obtained the debt after it was defaulted. (*Id.* ¶¶ 4, 15.) On April 17, 2007, Defendant sent an initial written communication to Plaintiff. (*Id.* ¶ 16.) On June 6, 2007, Defendant sent Plaintiff a letter seeking to collect the debt, and advising him that "[i]f you

dispute the validity of this debt then you must notify us **in writing** within 30 (thirty) days of our

initial notice to you." (*Id.* ¶ 18 & Ex. A.) This letter is referred to herein as "Exhibit A."

Plaintiff alleges that Defendant had a policy and practice of violating Section 1692e of the

FDCPA by: (1) sending Exhibit A after the expiration of the 30-day validation period outlined in

the initial communication; (2) informing the consumer that the debt must be disputed in writing

after expiration of the 30-day validation period outlined in the initial communication; and (3)

informing the consumer that a dispute must be made within 30 days of the initial communication,

after the expiration of the 30-day validation period outlined in the initial communication.[1] (R.

27, Pl.'s Mem. at 2.)

Plaintiff asks this Court to certify a class defined as follows:

> (i) all persons with addresses within the state of Illinois (ii) who were sent
> a letter from Revenue Production Management, Inc. in the form of Exhibit
> A (attached to the Class Action Complaint) (iii) to recover a debt to the
> West Suburban Medical Center (iv) incurred for medical services and/or
> treatment (v) which were not returned undeliverable by the United States
> Postal Service (vi) during the period of time one-year prior to the filing of
> this Complaint through the date of the class certification.

(R. 27, Pl.'s Mem. at 1.)

## LEGAL STANDARDS

A plaintiff seeking class certification has the burden of proving that the proposed class

meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Williams v.*

---

[1] Section 1692e of the FDCPA provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed." 15 U.S.C. § 1692e(8). Section 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

*Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000); *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 286 (N.D. Ill. 2005). A class may be certified if "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Failure to meet any of the requirements of Rule 23(a) precludes class certification. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993). Once these prerequisites are met, the potential class must also satisfy at least one provision of Rule 23(b). *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). A plaintiff seeking monetary damages, as Plaintiff is here, must demonstrate that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court has broad discretion to determine whether the proposed class meets the requirements of Rule 23. *Jackson*, 227 F.R.D. at 286.

## ANALYSIS

Plaintiff argues that the proposed class meets the requirements of Rule 23(a) and Rule 23(b)(3). (R. 27, Pl.'s Mem. at 4-13.) Defendant contends, however, that Plaintiff has failed to satisfy the typicality and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3). (R. 34, Defs.' Resp. to Pl.'s Mot. for Class Cert. ("Defs.' Resp.") at 1.) In ruling on class certification, the Court has an independent duty to scrutinize the appropriateness of certifying a class and is not limited to arguments made by a

party opposing certification. *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003). Thus, the Court considers Defendant's arguments in the context of analyzing each of the Rule 23 requirements.

As an initial matter, the Court notes that Defendant has devoted a portion of its opposition brief to arguing why Plaintiff's claim fails on the merits. (*Id.* at 3-6.) Whether Plaintiff will ultimately prevail on his claim that Exhibit A violates Section 1692e of the FDCPA is not an issue that can be decided in the context of Plaintiff's class certification motion. Although the Court may probe beyond the pleadings to make whatever factual or legal inquiries are necessary to determine whether class treatment is appropriate, *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001), the Court must evaluate the class certification motion without regard to the merits of Plaintiff's claims. *Eisen v. Carlislie and Jacquelin*, 417 U.S. 156, 177-78 (1974); *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831, 835 (N.D. Ill. 2008); *Hinman v. M & M Retail Center, Inc.*, 545 F. Supp. 2d 802, 805 (N.D. Ill. 2008).

**I.  Rule 23(a)**

**A.  Rule 23(a)(1): Numerosity**

In order to prove numerosity, Plaintiff must establish that the class is so large that "joinder of all members is impractical." Fed. R. Civ. P. Rule 23(a)(1); *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). In determining if joinder is impractical, a court considers the potential size of the class, the geographic disbursement of the class members, the type of relief sought, and the practicality of relitigating the central issues of the controversy. *Murray v. E\*Trade Fin. Corp.*, 240 F.R.D. 392, 396, (N.D. Ill. 2006). As few as 40 members can render joinder impractical, especially when the members are "widely scattered and their holdings are

4

generally too small to warrant undertaking individual actions." *Id.* at 396. Courts in this District have held that alleged FDCPA violations contained in a form letter sent by a large commercial defendant is sufficient to satisfy numerosity. *See, e.g., Chapman v. World Wide Asset Mgmt, LLC*, 04 C 7625, 2005 WL 2171168, (N.D. Ill. Aug. 30, 2005); *Seidat v. Allied Interstate Inc.*, 03 C 0975, 2003 WL 21468625 (N.D. Ill. Jun. 19, 2003); *Smith v. Short Term Loans, L.L.C.*, 99 C 1288, 2001 WL 127303 (N.D. Ill. Feb. 14, 2001). Here, the format of Exhibit A indicates that it is a standard form letter. The record indicates that the putative class contains several hundred members, and Defendant agrees that the numerosity requirement is met. (R. 34, Def.'s Mem. at 6 n.6.) Therefore, this Court concludes that the class satisfies the numerosity requirement of Rule 23(a)(1).

## B. Rule 23(a)(2): Commonality

To satisfy Rule 23(a)(2), the proposed class members' claims must generally arise from a common nucleus of operative fact, and there must be "at least one question of law or fact common to the class." *In re VMS Sec. Litig.*, 136 F.R.D. 466, 473 (N.D. Ill. 1991); *see also Rosario*, 963 F.2d at 1018. Some factual variations between the class members will not defeat commonality. *Peterson v. H & R Block Tax Servs., Inc.*, 174 F.R.D. 78, 82 (N.D. Ill. 1997). The requisite common nucleus of operative fact exists in FDCPA cases when the controversy arises from a standard form debt collection letter. *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 297 (N.D. Ill. 2007); *Jackson*, 227 F.R.D. at 287. This case involves a standard form letter, and the Court would have to resolve a question common to all potential class members: whether Exhibit A violates Section 1692e of the FDCPA. Accordingly, this Court finds that the proposed classes meet the commonality requirement of Rule 23(a)(2).

5

## C.    Rule 23(a)(3): Typicality

In order to satisfy Rule 23(a)(3), the claims and defenses of the class representative must be typical of the claims and defenses of the putative class members. Fed. R. Civ. P. 23(a). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Retired Chicago Police Ass'n*, 7 F.3d at 597.

Defendant argues that Plaintiff's claims are atypical because he admits that he was not misled or confused by Exhibit A. (R. 34, Def.'s Mem. at 14-15.) However, the test for determining a violation of the FDCPA is not whether the individual who received the letter was misled, but whether an unsophisticated consumer would be misled. *Sims v. GC Servs. L.P.*, 445 F.3d 959, 963 (7th Cir. 2006); *Avila v. Ruben*, 84 F.3d 222, 226 (7th Cir. 1996). This is an objective standard, and as such, a subjective inquiry into Plaintiff's reaction to the letter is irrelevant. Instead, typicality is determined with reference to the defendant's conduct and the plaintiff's legal theory. *Wagner v. Nutrasweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996); *Rosario,* 963 F.2d at 1018. Here, Plaintiff is alleging that Defendant engaged in standardized conduct common to all class members in violation of the FDCPA. Plaintiff's claim is based on the same legal theory and arises from the same course of conduct as the claims of the putative class members. For these reasons, the Court finds that the typicality requirement of Rule 23(a)(3) has been satisfied.

**D.     Rule 23(a)(4): Adequacy**

Rule 23(a)(4) requires that the class representative be able to fairly and adequately represent the interests of the absent class members. Fed. R. Civ. P. 23(a)(4). To determine if the plaintiff has met the adequacy requirement of Rule 23(a)(4), the Court must ask whether the named Plaintiff: (1) has "antagonistic or conflicting claims with other members of the class;" (2) has "a sufficient interest in the outcome of the case to ensure vigorous advocacy;" and (3) has counsel that is "competent, qualified, experienced and able to vigorously conduct the litigation." *Wahl*, 243 F.R.D. at 298.

Defendant argues that Plaintiff is an inadequate class representative because he is uninformed about the subject matter of the litigation, and was easily confused and offered "nonsensical" testimony during his deposition. (R. 34, Def.'s Mem. at 11-12.) To be adequate, the class representative must maintain only an "understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery." *Murray v. E\*Trade Fin. Corp.*, 240 F.R.D. 392, 398 (N.D. Ill. 2006). The burden of establishing that the class representative meets this standard is "not difficult." *Murray v. New Cingular Wireless Serv., Inc.*, 232 F.R.D. 295, 300 (N.D. Ill. 2005). The Court has reviewed the entirety of the deposition transcript and finds nothing "nonsensical" about Plaintiff's testimony. Plaintiff demonstrated a basic understanding of the claims contained in the suit. (R. 34, Def.'s Mem., Ex. A, Pl. Dep. Tr. at 41-49, 73-74.) He has participated in discovery, attended a settlement conference, and otherwise assisted his counsel in preparation of this case. (*See id.* at 12, 51-53, 65-66, 70-73.) Although he stated it somewhat inartfully, Plaintiff (who is not a native English speaker) indicated an understanding that he has duties to the class separate from his own

7

interests. (*Id.* at 74.) The Court thus rejects Defendant's argument.[2]

Defendant further argues that Plaintiff is inadequate because he has essentially ceded control of the litigation to his counsel. (R. 34, Def.'s Mem. at 13-14.) To be adequate, a class representative "need not understand the larger legal theories upon which her case is based." *Hernandez v. Midland Credit Mgmt., Inc.*, 236 F.R.D. 406, 414 (N.D. Ill. 2006). It is permissible for class counsel to be the driving force behind the more complicated legal theories, as long as the named plaintiff has some general knowledge and understanding of the issues, and a willingness to participate in the suit. *See Murray*, 240 F.R.D. at 398; *see also Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006) (observing that "as a practical matter [the attorneys] are the class's real champions"); *Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir. 2002) ("Experience teaches that it is counsel for the class representative and not the named parties, who direct and manage these actions."). Plaintiff has demonstrated a general understanding of the basic facts underlying the suit, some general knowledge, and a willingness and ability to participate in this suit, and the Court therefore finds him an adequate class representative.

In addition to having an adequate named plaintiff, the proposed class must have counsel that is "experienced, competent, qualified and able to conduct the litigation vigorously." *Cavin v. Home Loan Ctr.*, 236 F.R.D. 387, 393 (N.D. Ill. 2006). Defendants do not challenge the

---

[2] Defendant's argument that Plaintiff is inadequate because he confused the years 1995 and 2005 borders on frivolous. (*See id.*, Def's Mem. at 12.) The transcript shows that Plaintiff was responding to defense counsel's questions about an injury he suffered at work; he originally stated that the injury occurred in 1995, but then corrected himself to state that it had occurred in 2005. (R. 34, Def.'s Mem., Ex. A, Pl. Dep. Tr. at 23-25.) It is apparent from the context that Plaintiff simply misspoke.

ability of Craig M. Shapiro and O. Randolph Bragg of Horwitz, Horwitz & Associates to serve as counsel for this class, and other courts have found these attorneys adequate to serve as class counsel in similar suits. *See, e.g., Acik v. I.C. System, Inc.,* ---F.R.D.---, 2008 WL 2514072, at *3 (N.D. Ill. 2008) ("Craig M. Shapiro and O. Randolph Bragg are highly experienced attorneys, with a significant history of class action litigation experience between them."). For these reasons, the Court finds that the adequacy requirement of Rule 23(a)(4) is satisfied.

## II.     Rule 23(b)(3)

Under Rule 23(b)(3), a plaintiff must show that "questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

### A.     Predominance

The Rule 23(b)(3) predominance inquiry is more demanding than Rule 23(a)'s commonality requirement. *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623-24 (1997). If individual issues predominate, then class certification is usually not a superior method for resolving the controversy, since management of such issues by a court will not be efficient. *Cicilline,* 542 F. Supp. 2d at 837. Defendant argues that Plaintiff has failed to establish predominance because it will be necessary to make individualized inquiries with respect to: whether class members received an initial communication from Defendant containing a validation notice; whether class members disputed the debt after receiving the first letter; whether they received the second letter within 30 days of the first letter; and whether they suffered any actual damages. (R. 34, Def.'s Mem. at 10.)

9

The Court agrees with Plaintiff that these inquiries are unnecessary to resolution of Plaintiff's claim. First, there is no need to inquire into issues pertaining to the first letter, since Plaintiff's claim is solely that the *second* letter, Exhibit A, violates Section 1692e of the FDCPA. This same legal issue would need to be decided with respect to each class member. *See Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 419 (N.D. Ill. 2007) (finding predominance where common issue was "whether the debt collection letters that Defendant sent to [Plaintiff] and the class members violate the FDCPA."); *Jackson*, 227 F.R.D. at 290 (same). There is also no need to inquire into whether the class members received the second letter within 30 days of the first, since Defendant admits routinely sending Exhibit A 30-35 days after the initial letter. (R. 35, Pl.'s Reply, Ex. 1, Def.'s Interrog. Resp. at 20.) It is this practice that is being challenged in this litigation. *See Young v. County of Cook*, 06-552, 2007 WL 1238920, at *7 (N.D. Ill. Apr. 25, 2007) ("When a class challenges a uniform policy or practice, the validity of that policy or practice tends to be the predominant issue in the ensuing litigation.").

Further, there is no need to inquire into actual damages, since actual damages are not required under the FDCPA, and Plaintiff is seeking statutory damages here. *See Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997). Potential class members who believe they have claims for actual damages will be given an opportunity to opt out of the class and pursue their own claims if they wish to do so. *See GMAC Mortg.*, 434 F.3d at 953 ("When a few class members' injuries prove to be substantial, they may opt out and litigate independently."); *see also Cicilline*, 542 F. Supp. 2d at 838 (granting class certification despite possibility that individual damages issues might exist, since legality of defendant's standard course of conduct directed toward class members was predominate issue in the litigation). For these reasons, the Court finds that the

predominance requirement is satisfied.

## B.    Superiority

Finally, this Court must determine whether the proposed class meets Rule 23(b)(3)'s superiority requirement. "A class action is superior where potential damages may be too insignificant to provide class members with incentive to pursue a claim individually." *Jackson,* 227 F.R.D. at 290. Class treatment is especially appropriate for consumer claims. *Amchem Prods.,* 521 U.S. at 625; *In re Mex. Money Transfer Litig.*, 267 F.3d 743, 747 (7th Cir. 2001). In this case, Defendant engaged in standardized conduct by sending form letters to many consumers, and each individual consumer's claim would likely be too small to vindicate through an individual suit. Therefore, a class action is the superior method to resolve these claims. *See Smith,* 2001 WL 127303, at *14 ("Where, as here, the defendant engaged in standardized conduct that affected many consumers, but where an individual consumer's claim would be too small to justify bringing an individual suit, a class action is particularly suited to the resolution of the consumers' claims.").

Defendant argues that certification should be denied because class members could obtain a larger award if they filed individual suits. Under the FDCPA, a plaintiff can obtain $1,000 in statutory damages, but in a class action statutory damages are capped at the lesser of $500,000 or 1 percent of the defendant's net worth. 15 U.S.C. § 1692k. Defendant argues that because class members proceeding on their own could obtain more than merely their *pro rata* share of Defendant's net worth (which they estimate at far less than $1,000), a class action is not superior to other available methods of adjudication. (R. 34, Def.'s Mem. at 7-8.) Defendant's argument, however, presumes that the class members are aware that their rights may have been violated,

11

and are willing and able to subject themselves to the burdens of bringing individual suits. As the Seventh Circuit has observed, "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1047 (7th Cir. 2007). Thus, at least two Courts in this District have rejected arguments like Defendant's that a potential *de minimis* recovery for the class justifies denying class certification. *See Warcholek v. Med. Collect. Sys., Inc.*, 241 F.R.D. 291, 295-96 (N.D. Ill. 2006) (finding class action superior even though class was likely to receive only *de minimis* recovery in light of damages cap); *Nichols v. Northland Group, Inc.*, No. 05-2701, 2006 WL 897867, at *11 (N.D. Ill. Mar. 31, 2006) (finding superiority requirement met despite potential that individual recovery would be larger than recovery obtained through class action). Defendant cites several out-of-circuit district court cases for the proposition that certification should be denied when the class members could potentially obtain more on their own, but these cases are not controlling, and this Court does not find their reasoning persuasive. (*See* R. 34, Def.'s Mem. at 6-9.) For these reasons, the Court finds that Plaintiff has satisfied the superiority prong of Rule 23(b)(3).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for class certification (R. 8) is granted. The Court will permit Plaintiff to represent a class which consists of:

12

(i) all persons with addresses within the state of Illinois (ii) who were sent a letter from Revenue Production Management, Inc. in the form of Exhibit A (attached to the Class Action Complaint) (iii) to recover a debt to the West Suburban Medical Center (iv) incurred for medical services and/or treatment (v) which were not returned undeliverable by the United States Postal Service (vi) during the period of time one-year prior to the filing of this Complaint through the date of the class certification.

A status hearing will be held on **September 23, 2008** at **9:45 a.m.** to set a firm litigation schedule for this case. The parties are directed to fully exhaust all remaining settlement possibilities prior to that date.

Entered: _____

**Judge Ruben Castillo**
**United States District Court**

**Dated: September 3, 2008**

13